UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID BROWN, M.D., et al., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07CV1852 SNLJ |
| ) | |
| FIRST HEALTH GROUP CORP., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs; motion for reconsideration (#33) filed March 17, 2009. Defendant filed a response in opposition (#36) on March 24, 2009. Plaintiffs filed a reply (# 38) on April 1, 2009. Plaintiffs seek reconsideration of this Court's February 20, 2009, Order and Memorandum dismissing Counts XIII through XVIII of plaintiffs' amended complaint as well as the dismissal of plaintiff Dr. Lux's prayer for relief.

Plaintiffs, medical doctors, each individually entered into contracts with defendant, First Health Group Corp., to become part of defendant's Preferred or Participating Provider Organization. Under the agreement, the plaintiffs agreed to receive for their medical services lower payment rates established by the defendant in exchange for the potential of increased customers based on preference by health benefit payors such as insurance companies. After a dispute regarding the fee rate given by defendants to health benefit payors, plaintiffs filed this suit. Plaintiffs brought claims for breach of contract, breach of implied covenant of good faith and fair dealing, tortious interference with a business expectancy, and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act.

Defendant filed a motion to dismiss on June 9, 2008, to dismiss all counts of plaintiffs' amended complaint, and on February 20, 2009, this Court granted in part and denied in part defendant's motion. This Court denied defendant's motion to dismiss as it pertained to Counts I through VI for breach of contract. This court also denied defendant's motion to limit damages to payment for services rendered as to all plaintiffs except plaintiff Dr. Lux. Defendant's motion to limit damages to only payment for services rendered was granted as to plaintiff Dr. Lux. In addition this Court granted dismissal of Counts VII through XII for breach of covenant of good faith and fair dealing, Counts XIII through XVIII for Tortious Interference with a Business Expectancy, Counts XIX through XXIV for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, and Counts XXV and XXX requesting Declaratory Judgment.

Plaintiffs' motion for reconsideration seeks review of this Court's dismissal of Counts XIII through XVIII for Tortious Interference with a Business Expectancy. Further, plaintiffs seek reconsideration of this Courts dismissal of actual damages as they pertain to plaintiff Dr. Lux. This Court will begin by examining the standard under which we reconsider these issues.

**I. Standard**

Motions for reconsideration are not mentioned in the Federal Rules of Civil Procedure. This Court's memorandum and order of February 20, 2009, was not a final judgment, although plaintiffs' request in this motion that, in the alternative to granting the motion for reconsideration, we certify the memorandum and order as appealable pursuant to Federal Rule of Civil Procedure 54(b).

Defendant argues that this motion for reconsideration should be construed a motion under Federal Rule of Civil Procedure 60(b) because the motion is directed at a non-final order. The Eighth Circuit has found that a motion for reconsideration should be construed as a Rule 60(b)

motion because the motion "was not directed to a final judgment, but rather to a nonfinal order." Broadway v. Norris, 193 F.3d 987, 989 (8th Cir. 1999); *see also* Elder-Keep v. Aksamit, 460 F.3d 979, 984 (8th Cir. 2006) *quoting* Anderson v. Raymond Corp., 340 F.3d 520, 525 (8th Cir. 2003) ("we have determined that motions for reconsideration are 'nothing more than Rule 60(b) motions when directed at non-final orders'"). Regardless whether Rule 54(b) or Rule 60(b) is applied, both parties agree that this Court has the right to review its previous non-final orders and revise them if it so orders. However, Rule 60(b) "is not a vehicle for simply reargument on the merits." Broadway, 193 F.3d at 990. Instead, the rule "authorizes relief based on certain enumerated circumstances." Id. Plaintiffs make no allegations that they are entitled to relief under Rule 60(b)(1) through 60(b)(5), so this Court can only assume that they are seeking relief under Rule 60(b)(6), "any other reason that justifies relief." Accordingly, this Court will now review the decisions made in the February 20, 2009, order.

## II. Tortious Interference with a Business Expectancy

In its motion to dismiss defendant argued that plaintiffs failed to state a valid claim for tortious interference because: (1) plaintiffs are not able to demonstrate that the defendant acted without justification; (2) plaintiffs are not able to demonstrate any resulting loss caused by defendant; and (3) defendant cannot interfere with its own contract. In response to defendant's motion to dismiss plaintiffs responded that: (1) defendant did not have a legitimate economic interest in the payment between plaintiffs and payors; and (2) defendant used unlawful means to intentionally interfere with plaintiffs' expectancy. This Court found that, (1) the existing contract, as well as the nature of defendant's business, gave defendant an economic interest, (2) the means claimed were not unlawful.

In their motion for reconsideration plaintiffs request this Court to revive plaintiffs claim for tortious interference because: (1) defendant's "misstatement of facts" to insurance payors constituted improper means which defeats defendant's claim of acting with justification; (2) plaintiffs have stated a claim for tortious interference by defendant after the termination of their contracts; and (3) plaintiffs' contracts with defendant were terminated by defendant's material breach of the contracts.

First, as noted in the memorandum and order, the Court must begin with deciding whether there existed a valid contractual relationship. Plaintiffs contend, for the first time in their motion for reconsideration, that defendant materially breached the contracts with plaintiffs by repricing the payments due for services which justified plaintiffs' termination of the contract. Plaintiffs did not raise this argument or any similar argument in their response to defendant's motion to dismiss. Instead, plaintiffs' response to defendant's motion for summary judgment argued that there did not exist a valid contract at the time of the alleged interference because the <u>plaintiffs</u> had terminated the contract by letter dated May 27, 2005, which, under the terms of the contract, took affect 120 days later on September 27, 2005. In the order this Court noted that plaintiffs' assertion was incorrect under the contract terms because the termination did not take effect until the next anniversary date, June 6, 2006. Plaintiffs' argument was based on the requirements for complying with the contract terms to terminate the contract, not a repudiation of the entire contract.

A motion for reconsideration is not the proper method by which to bring new arguments. *See* <u>Broadway</u>, 193 F.3d 987. This Court was and is limited by the arguments asserted by the plaintiffs in their response to the summary judgment motion.

4

Plaintiffs next request review of the tortious interference claim because defendant made misstatements of facts to the insurance payors which constitute improper means allowing for recovery. Plaintiffs alleged these misstatements are "including but not limited to, falsely representing that they were preferred providers subject to different rates, when they were not; falsely stating that Plaintiffs were subject to the 105% Medicare rate, when they were not; advising Payors that Plaintiffs were not preferred providers while falsely representing that they were subject to the discounted rate." As stated in the memorandum and order, these misstatements were, in essence, merely claims that defendant had changed the rate schedule without giving defendant proper notice, essentially variations of a breach of contract claim. The case cited by plaintiffs in their motion for reconsideration – Fabricor, Inc. v. E.I. DuPont Denemours & Co., 24 S.W.2d 82 (Mo. Ct. App. 2000) – is easily distinguishable in that the defendant knowingly lied to third parties about the financial solvency of the plaintiff. Here the fraudulent representations were simply that defendant informed the payors of unilateral adjustments to the rate schedule. This is not a fraudulent act allowing for a finding of tortious interference.

Finally, plaintiffs argue that their amended complaint alleges that defendant altered reimbursement rates "[o]n or about June 1, 2005, to the present" and thus have alleged tortious interference with a business expectancy both during and after the contracts between the plaintiffs and defendant were terminated. Defendant responds that the last specific allegation of repricing found in plaintiffs' complaint is for September, 2005.

The standard by which we judge a motion to dismiss is whether plaintiffs have to "allege facts – not mere conclusions – that, if true, would support the existence of the claimed tort." Here, plaintiffs did assert that the defendant has continued to instruct payors to pay plaintiffs these

5

lower rates through the present, even after the June 6, 2006, termination date. The protection from tort liability for tortious interference only exists as long as there was an existing contract between plaintiffs and defendant. Therefore, if defendant, as alleged, continued to instruct payors to pay a lower rate even after the contract was terminated, defendant could be liable for tortious interference with a business expectancy. Thus, this Court will grant plaintiffs' motion for reconsideration in as much as they can demonstrate that the May 27, 2005, letter constituted a valid termination, and they can establish facts proving that defendant tortiously interfered with their business expectancy after June 6, 2006, when the termination letter would have taken effect.

**II. Dr. Lux's Prayer for Relief**

Plaintiffs also request reconsideration of this Court's order as it pertains to Dr. Lux's prayer for relief. In its memorandum and order this Court held that under the terms of the contract between Dr. Lux and defendant, the sole remedy for any claim relating to reimbursement was payment of the bill for services rendered. In accordance with this finding, this Court ordered that defendant's motion to dismiss all damages beyond payment for services rendered be granted. However, there was an inadvertent error in the memorandum's discussion of Dr. Lux's prayer for relief that, despite finding that Dr. Lux was only limited to payment for services rendered this Court stated that "Defendant's Motion to Dismiss Plaintiffs' prayer for actual damages . . .as it applies to Dr. Lux is granted."

This Court agrees that, if Dr. Lux is successful in his claims, he is entitled to recover "payment of the bill for services rendered." The disagreement between the memorandum and order portions of the February 20, 2009, filing was unintentional and this Court clearly states now that, as stated in its order, Dr. Lux's prayer for relief is only dismissed as to all damages beyond the payment for services rendered.

6

**III. Conclusion**

After reviewing this motion, the First Amended Complaint, the memorandums filed with defendant's motion to dismiss (#18), and the filings on this motion, plaintiffs are entitled to reconsideration of this Courts February 20, 2009, order. Plaintiffs claims for tortious interference with a business expectancy, Counts XIII through XVIII, are reinstated to the extent that plaintiffs can prove that the May 27, 2005, letter terminated the contract, the termination took affect on June 1, 2006, and defendants continued to instruct payors to reprice payments after that date. This Court will also clarify that Dr. Lux has made a proper prayer for actual damages. However, this Court finds that plaintiffs' argument that the May 27, 2005, letter acted as a valid repudiation of the contract because of a material breach by defendant was not properly raised in plaintiffs' response to defendant's motion for summary judgment. As such, this Court will not change its ruling on the issue.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for reconsideration is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that plaintiffs' allegations of tortious interference, Counts XIII through XVIII, are reinstated to the extent plaintiffs can prove interference with a business expectancy after the contracts with defendant were terminated.

**IT IS FURTHER ORDERED** that Dr. Lux's prayer for relief is limited to actual damages.

**IT IS FURTHER ORDERED** that plaintiffs' motion is **DENIED** in all other respects.

Dated this  7th  day of July, 2009.

                                                                           /s/ Stephen N. Limbaugh, Jr.
                                                          UNITED STATES DISTRICT JUDGE